UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL BOAZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:15-CV-1271 CAS |
| v. | ) |
| | ) |
| FE EXPRESS, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This diversity matter is before the Court on defendant FE Express, LLC's ("defendant" or "FE Express") Motions to Quash and Objections to Subpoena Directed to Third Parties Bluestar Services, LLC and Arch Transport, LLC (Doc. 15), Amel Sinanovic (Doc. 16), and Concentra (Doc. 17). The motions are fully briefed and ready for decision. The Court normally rules on discovery motions only at its monthly discovery motion docket, but reserves the right to issue a written ruling at its discretion. In the instant case, the Court finds the parties' briefing fully explains the issues in dispute and oral argument is not needed to inform the Court's ruling. The motions to quash will be denied for lack of standing.

**Background**

Plaintiff Daniel Boaz alleges that he was injured in February 2015 when a tractor-trailer driven by Amel Sinanovic and operated by defendant FE Express turned left into the path of Mr. Boaz's vehicle. The vehicles collided, and plaintiff's Jeep rolled several times. Plaintiff claims that he suffered head, neck and back injuries.

Plaintiff asserts the following state law claims against FE Express: (1) vicarious liability for Sinanovic's negligence; (2) vicarious liability for Sinanovic's negligence per se for failure to yield

the right-of-way; (3) negligence for violating federal safety regulations by allowing a fatigued, impaired, or unqualified driver to operate the tractor-trailer; (4) negligent hiring and retention of Sinanovic; (5) negligent training of Sinanovic; (6) negligent supervision of Sinanovic; and (7) negligent entrustment of the tractor-trailer to Sinanovic.

Plaintiff issued subpoenas under Rule 45, Federal Rules of Civil Procedure, to four third parties: Bluestar Services, LLC and Arch Transport, LLC, trucking companies that formerly employed Sinanovic; the driver, Amel Sinanovic;[1] and Concentra, a health care company that performed an employment-related medical examination of Sinanovic. None of the third parties filed objections or motions to quash the subpoenas and, in fact, Concentra has already produced the subpoenaed documents but plaintiff's counsel represents he has not reviewed the documents pending the Court's ruling on the motions to quash.

**Discussion**

"In general, '[a] motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena.'" Mayhall v. Berman & Rabin, P.A., 2013 WL 4496279, at *3 (E.D. Mo. Aug. 21, 2013) (quoted case omitted); see also 9 James Wm. Moore, et al., Moore's Federal Practice § 45.50[3] (3d ed. 2014) ("When a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by the nonparty. In particular, a party to the action does not have standing to assert any rights of the nonparty as a basis for a motion to quash or modify a subpoena.").

---

[1] It appears that Sinanovic is no longer employed by or affiliated with FE Express.

Here, the motions to quash are properly denied because FE Express lacks standing to challenge the Rule 45 subpoenas plaintiff issued to the third parties, as it does not assert any personal right or privilege with respect to the documents requested in the subpoenas. In response to plaintiff's assertion that it lacks standing, FE Express attempts in its reply memoranda to "clarify" that the objections set forth in the motions to quash "were intended to be filed on behalf of **both** Amel Sinanovic and FE Express," and requests the Court to "construe the pending motion[s] and the pending objections to have been asserted on behalf of both Sinanovic and FE Express." Reply at 2-3 (Doc. 34). In a footnote, FE Express asks for leave of Court, if necessary, for the pending motions to be considered to have been made on behalf of both third party Sinanovic and FE Express. Id. at 3 n.1.

If FE Express intended to file motions to quash on behalf of third party Sinanovic, it needed add Sinanovic to the docket sheet as a party movant, have counsel enter an appearance on Sinanovic's behalf, and then file the motions for movant Sinanovic. Contrary to FE Express's assertion, this is not a "hyper technical" matter, but rather is fundamental to bringing the motions on Sinanovic's behalf. FE Express cannot take these necessary actions by requesting, in its reply memoranda, that its previously filed motions be deemed to have been filed on behalf of a third person who is not a party to this case. The motions to quash are therefore properly denied for lack of standing.

Finally, defendant's motions to quash would be subject to denial for a threshold reason, even if it had standing to assert them. This Court's Local Rule 3.04(A) provides with respect to motions concerning discovery and disclosure:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to

do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

Local Rule 3.04(A).

None of the motions to quash include a certification that defendant's counsel in good faith conferred or attempted to confer with plaintiff's counsel concerning the subpoenas. As a result, defendant failed to comply with Local Rule 3.04(A).

Accordingly,

**IT IS HEREBY ORDERED** that defendant FE Express, LLC's Motions to Quash subpoenas directed to third parties are **DENIED** for lack of standing. [Docs. 15, 16, 17]

**IT IS FURTHER ORDERED** that defendant FE Express, LLC's motion for leave to file a reply memorandum in excess of fifteen pages is **DENIED as moot**. [Doc. 36]

**IT IS FURTHER ORDERED** that this matter is removed from the Court's discovery motion docket of May 17, 2016.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  11th  day of May, 2016.